Good morning, Your Honors. May it please the Court, Counsel Kendra Matthews with Ransom Blackman on behalf of Defendant Karuna Manotham. I note that my time has not actually begun. Defendant challenges the District Court's imposition of a four-level enhancement under 2K2.21b6 and this Court's interpretation of that provision in United States v. Valenzuela. The jury verdict in this case allowed the District Court to conclude that the defendant had pointed a gun at the victim during a road rage incident. And that is the crime in Oregon of menacing, putting the victim in fear of imminent physical harm. And there's no question that the defendant actively employed the weapon in committing that crime and that he possessed the weapon in committing that crime. That, however, is a misdemeanor offense for which a 2K2.9 Well, it's a misdemeanor if there's no weapon involved. It's a misdemeanor and then In this case, there's a weapon involved. And then there is the Oregon provision, unlawful use of a weapon, which is, in essence, an enhancement provision to menacing that creates a felony offense. Would it be a felony if he had the gun in his pocket but never showed it? If the defendant had the gun in his pocket but never showed it, but the government could have shown that he had the mental intent to use that weapon, in other words, under the terms of the language, or possesses with intent to use unlawfully against another. What are you reading from? State law or Federal law? That is from the State law, Your Honor. So it still would have been a State felony? It still would have been a State felony under ORS 166-2201, the unlawful use of a weapon. The State of the Court of Appeals in Oregon, in State v. Crawford, which is cited in our briefs, says that there are two parts to the unlawful use of a weapon provision. One is for when you are using or possessing the weapon, but do not discharge  it, and that, the Court said, by its terms, subsection 1A, the provision we're dealing with, is directed toward the risk posed by individuals carrying weapons with the intent to unlawfully use them against a person. And then the second provision, which is concerned with the actual discharge, is more broadly termed by the Oregon legislature to get the bystanders on drive-by shootings and things of that nature. So all this relates to sentencing in what way? Under 2K2.1b6, the district court can enhance by four levels the advisory guidelines if the court concludes that the defendant used or possessed any firearm in connection with another felony offense. And here, there's no question under the court's test that the predicate offense, felony possession of a firearm, and the offense of unlawful use of a weapon are two different offenses. The next question is whether or not the offense that the court is considering enhancing upon is, by its nature, a possession, contains in its possession or sale of firearms as an element. And it's our contention that unlawful use of a weapon does when the allegations of, in State court, would involve a firearm, does contain as a material element the use of a firearm and, therefore, cannot be a basis to enhance. We also have, I think it's a very related argument, which is that in this case, the conduct was the menacing and that factually that's where he used and possessed the firearm. However, I think that does come around to the point that the court was making, which is if that is enhanced to unlawful use of a weapon, you know, we're back to that second question, which is does this element, does this offense contain as an element possession of a firearm? Well, let's assume for a moment that the other offense, as you're arguing, would have been a misdemeanor if a weapon hadn't been involved. It's a felony because a weapon was involved. Why should that affect the Federal sentencing enhancement? Well, there's two parts to that. First is simply by its terms the enhancement itself calls for it to be used in connection with another felony offense. Well, but there is a felony offense. You're saying, well, that shouldn't reach out to cover something that would have been a misdemeanor but for the existence of the firearm, but what supports that proposition? But for the possession and presence of a firearm. Well, it is a mere possession. It's possession plus. It's either the actual use, which we had here, or it's a possession with intent to use. So something other than mere possession is what seems to convert it into a felony. So that relates more to the question of whether under the Valenzuela test the two are coterminous or not, but the argument which I think I hear you making is that, well, it wouldn't have been a felony but for the gun, and my question is, so what? It was a felony. The enhancement provision says for another felony. It doesn't say for another felony unless it would have been a misdemeanor without the gun. Why is it we should add that part about it would have been a misdemeanor without the gun? Well, I'm not sure that I think that this case calls for an addition to the test. I think that the test in Valenzuela is sufficient, and I think here it just comes down to the fact that you have to commit the offense, unlawful use of a weapon, and have it qualify under this terms of personal possession, either constructive or in your hands, that you have to have possessed the weapon. That's a material element. And the test in Valenzuela has said that if that's an element that of the underlying offense, then it cannot be used as an enhancement. And, in fact the state law cases say about the elements of the offense, this aspect of the state offense? What are the elements? The elements. That a prosecutor would have to prove in state court in order to get a conviction? The elements are outlined in the instructions that were submitted by the government, and it's that the act occurred in the county on the date and that the defendant intentionally attempted to use or possessed with intent to use any dangerous weapon or deadly weapon. And here it would have been alleged a deadly weapon. However, in a case such as this, you have in the supplemental excerpt of record at page 1 the indictment that was filed in this case. And they actually alleged unlawful use of a firearm, and that was necessary for a variety of sentencing enhancements. And so the State had elected to plead and therefore prove the sentencing enhancement of the firearm. And so in that contention, we come back to the position that they would have had to prove that the firearm existed for the conviction. And that would have been true regardless of what the jury had been held. In Oregon, if there's the evidence only relates to a single weapon, then the court is free to assume that the weapon upon which there was evidence is the weapon that the jury found. And I would point out the other thing is it all turns on the circumstances of this case. I think that's the factual circumstances of the underlying predicate. I think that unlawful use of a weapon when always turns on the factual circumstances of the facts in that charged crime, and then, yes, in the sentencing enhancement it does turn on the factual circumstances. And in Valenzuela, the Court pointed out that in considering the second factor, they actually looked at the items that the defendant had. He had stolen property. And the Court looked at the items and said, although the victim or the defendant – excuse me, I saw a V there – did possess several stolen firearms, that was not all the stolen property he possessed. He also possessed other items and therefore we can't properly characterize this as simply stolen firearms. That certainly suggested, although it was not a holding in the case, that had it been only firearms, that would have been a material element in that particular case. And likewise in Johnson, this Court's case in Johnson, they actually talked about this provision. And the Court cited in a footnote, again, we were dealing with a different – we were dealing with subsection B. And the Court said as to subsection A, listen, this could be a possession offense, even though the articulation of the statute is unlawful use of any deadly weapon. So we would contend that there are – this is a possession offense and all of these arguments are laid out in every one of them. I will save this for rebuttal. Roberts.  Ms. Balfour. Thank you. Good morning. May it please the Court. Leah Bolstad appearing on behalf of the United States. In this case, Mr. Manatham pointed a loaded firearm at another driver during a road rage incident. This Court should affirm the District Court's imposition of a four-level sentencing enhancement because that enhancement satisfies all three prongs of this Court's Valenzuela test. First, the predicate felony and Oregon's unlawful use of a weapon are separate offenses under the Blockberger analysis. Second, Oregon's unlawful use of a weapon is not a firearm possession offense. And third, by pointing a firearm at another person, this defendant actively employed that firearm. Well, she zeroes in on the factual allegations of the underlying State law case. She does, Your Honor, and that is incorrect according to the Valenzuela test. What's wrong with it? When this Court articulated the second prong in Valenzuela, it said that the District Court, in deciding whether something is a firearm possession offense, must determine whether that offense has as an element the unlawful possession or possession of a firearm. It didn't say look at the factual circumstances of the case. It said look to the elements of the crime. And isn't that an element in this underlying offense? It is not, Your Honor. And the hypothetical questions that this Court posed to my opponent about a felon who has a firearm in his pocket, that goes to the very heart of this. Well, but the State indictment charges what? Charges unlawfully attempt to use, carry with intent to use, and possess with intent to use. That is correct, Your Honor. In the State court, they plead in the conjunctive and prove in the disjunctive. And in this case, the conduct at issue was the attempted unlawful use of the firearm. Now, that is the first clause of Oregon's unlawful use of a weapon statute. That clause -- Wait a minute. How do we know that in this case? We look at the transcript or what? You can look at the transcript. Do you read the testimony? In other words, this is like similar, you know, to a categorical analysis? No, Your Honor. You look at why the district court held the way it did, and here it adopted the reasoning put forward by the government. And that reasoning was that this -- I'm talking about in the underlying case. How do we know what happened there? The underlying case, Your Honor, was dismissed. The Federal -- The Oregon conviction or what would have been a conviction if it proceeded, how do we know what happened there? Yeah. Your Honor, I don't know that you need to know. We don't need to know, right? I thought that one of the requirements is you don't have to be an actual conviction. Exactly. It's whether the charge was brought and whether the charge was a conviction was obtained. It doesn't matter to this analysis. I don't even know if the charge has to have been brought. Correct. It doesn't. No, but you look at the underlying facts and what? I mean, one rational interpretation is that conviction could be based upon use. Is that all that's required? Yes, Your Honor. And this Court in Polanco did exactly that. The district court there said that the defendant had used the firearm when the defendant was selling marijuana out of his car, and this Court said no. There's not sufficient evidence that he ever actively employed that firearm. But the Court did affirm, based on another ground supported by the record, which was that he possessed that firearm nearby his car in a way that emboldened the sale of marijuana. Now, there the enhancement applied in a case where the defendant never touched the gun and only returned to his car two times. In this case, you have a defendant who actively employed it by pointing it at another citizen. The enhancement should definitely apply in this case. It's a more dangerous situation. But Your Honor posed a question earlier, whether if this defendant had kept the gun in his pocket, whether that would qualify as a firearm possession offense. Now, this Court in the Johnson case cited by my opponent, you in footnote 2 said that when you're dealing with the second clause, as opposed to the first clause, the second clause of unlawful use of a weapon, there, that conduct may be accepted from this enhancement, because that may be a situation in which it is a mere possession offense. So how do we know in this case it was the first, the active use, as opposed to the second, the possession with intent? Because the record supports that, Your Honor. Here we have a victim who testified about this defendant leaning over in a menacing manner. He saw the defendant's face and his right shoulder and a firearm pointed at his face. So just to move, what we were asking before, is this a categorical type approach? And you're saying, no, it's based on the facts of this particular case and the proof that was offered with regard to that case. Now, we have this particular case. The defendant has also argued that but for the presence of the gun, the offense here would have been menacing, said to be a misdemeanor, not a felony, and hence the enhancement should not apply. What's your response to that proposition? My response to that is the firearm makes it a felony. It's menacing plus firearm equals unlawful use of a weapon in Oregon. Under Oregon law, that's a felony, and therefore we have another felony offense. This enhancement was meant to differentiate between different kinds of cases. It's meant to differentiate between a standard felon possession case where a felon has a gun in his closet or his glove box versus the more aggravated situations where that same felon does something with a firearm by actively using it, actively employing it. So if you just take what you just said there, active use of a firearm, doesn't that necessarily mean that really at rock bottom it's a possession offense? Your Honor, in a broad sense, the government agrees with you. Any time a felony offense involves using a firearm, it's fair to say that a felon would have to possess it. But that reasoning would make virtually any firearm use case a possession case, and that is not what this enhancement is meant to do. Adopting that reasoning would exclude robbery in the first degree where a felon robs a store in an armed manner. Well, there he's possessing a gun. So, therefore, this enhancement wouldn't apply. But robbery in the second degree, guessing for a moment that might be without a gun, is still a felony. And there without a gun, let's say that that robber in a second degree case, depending on the State law, kept the gun in his back pocket and never used it. That felon would get this enhancement, but the felon who pulls it out of his back pocket and points it at the store owner would be possessing it and using it. And under the Petitioner's logic, we would have this enhancement not apply. That is not a common sense interpretation. Well, I'm still focusing on a somewhat different argument, which is that if the reason the underlying or, well, let's say the Oregon violation becomes a felony because the firearm is involved, otherwise the crime would be a misdemeanor. In this case, it's said to be menacing. Why should we count that as a felony if the existence of the firearm is what makes it into a felony? It's not the mere existence of the firearm in this first clause. It is the use of the firearm. Oregon deems that to be a felony because of the special risks posed by felons who use firearms pointing them at other individuals or actually firing them at other individuals or buildings. Oregon has deemed that to be so dangerous that it must be a felony. This Court should affirm that four-level sentencing enhancement, as it is consistent with Valenzuela, the application notes, and a common-sense, plain reading of the enhancement. Thank you. Okay. Thank you. I think I'll only briefly respond to one point, which is that there are two provisions under the Oregon unlawful use of a weapon provision, Subsection 1A, Subsection 1B. The government is splitting Subsection 1A into two separate provisions. And it would be our position that that's too fine a line and that that is in essence possessing the weapon and then showing a mental element in one of two different ways, demonstrating an attempt to use that weapon unlawfully against another or demonstrating an intent to so use it, and that in either case the possession itself is a critical component. And I believe, based on Judge Clifton's comments, that you understand the essence of my argument in the other regards, and it's covered in our briefs. Thank you. Okay. Thank you. The case is submitted, and we thank counsel for their arguments.
judges: Tashima, Paez, Clifton